STATE OFFICERS AND EMPLOYEES Persons who earn annual and sick leave as State employees under the CETA program may, at the discretion of the appointing authority, be credited with such unused leave upon an appointment to the classified service of the Oklahoma Merit System of Personnel Administration, subject to those leave regulations promulgated by the Oklahoma State Personnel Board. The Attorney General has considered your request for an opinion wherein you ask the following question: "May persons who earn annual and sick leave under the CETA program be credited with such unused leave upon an appointment to the classified service of the Oklahoma Merit System of Personnel Administration?" It is initially observed that those persons employed by the State under the CETA (Comprehensive Employment and Training Act of 1973, as amended) program are utilized by certain State agencies for the purpose of performing a specific group of duties, tasks and responsibilities. The State agency utilizing the services of those individuals employed under the CETA program, pursuant to the provisions of their prime sponsor agreement, are charged with the responsibility of assuring the purposes of the CETA program are fulfilled. 29 U.S.C. § 801, provides that the purpose of the various CETA programs is "to provide job training and employment opportunities for economically disadvantaged, unemployed, and underemployed persons, and to assure that training and other services lead to maximum employment opportunities and enhance self-sufficiency by enabling a flexible and decentralized system of federal, state, and local programs." It is, therefore, apparent, that those individuals employed by the State pursuant to CETA programs are "professional trainees" engaged in a course of job training in order to provide employment opportunities for those economically disadvantaged, unemployed and underemployed persons. It is further apparent that those individuals perform a specific group of duties, tasks, and responsibilities requiring the services of one individual. It is necessary, in order to adequately answer your question, at this point to determine the status of those persons employed in a CETA program as "State employees." Although the term "employee" is not specifically defined within the Act regarding the "Merit System of Personnel Administration," 74 O.S. 801 [74-801] et seq. (1971), the term "employee" is defined in 74 O.S. 703 [74-703] (1971), as "a person legally occupying a position." A "position" is defined within 74 O.S. 703 [74-703] (1971), as "a specific group of duties, tasks, and responsibilities requiring the services of one individual." It is, therefore, apparent that those individuals employed by the State pursuant to a CETA program are, in fact, State employees, for leave purposes, and are, therefore, subject to the statutory provisions regarding the same. Since those individuals are determined to be State employees, it must then be ascertained whether they fall within the "classified" or "unclassified" service. Title 74 O.S. 803 [74-803] (1977), provides, in relevant part, as follows: "The unclassified service of the State shall include the following: ". . . "(14) Professional trainees only during the prescribed length of their course of training or extension study . . . ." It is, therefore, clearly apparent that those individuals employed pursuant to a CETA program are State employees within the unclassified service for leave purposes, regardless of the State agency for which they perform their duties. The question then to be determined is whether such persons, as employees within the unclassified service, be credited with unused leave upon appointment to the classified service. Title 74 O.S. 803 [74-803] (1977), provides, in relevant part, as follows: "Offices and positions in the unclassified service are in no way subject to any of the provisions of this act or of the rules and regulations promulgated hereunder by the State Personnel Board except leave regulations promulgated under the provisions of 74 O.S. 805 [74-805]. No person chosen by election or appointment to fill an elective office shall be subject to any leave plan or regulation, nor shall such person be eligible for accrual of any leave benefits." (Emphasis added) Title 74 O.S. 805 [74-805] (1971), imposes upon the State Personnel Board the duty to: "Review, hear departmental suggestions and approve such classification plans, salary schedules, and leave regulations as will be proposed by the Director, for such agencies as may be retained by contract for this purpose . . . ." (Emphasis added) It is, therefore, apparent that persons employed by this State under a CETA program as employees within the unclassified service are subject to the same leave regulations as those promulgated by the State Personnel Board for employees within the classified service. Rule 1410(9) of the Oklahoma State Personnel Board provides as follows: "A permanent classified employee who is transferred to another agency may have his or her accrued annual leave transferred at the option of the agency to which he or she is transferred, or such agency may require that accrued annual leave be paid by the agency from which the employee is transferred prior to the transfer." Rule 1420(11) of the Oklahoma State Personnel Board provides: "A permanent employee who is transferred from one agency to another, upon approval of the appointing authority of the agency in which he or she will be employed, may give credit for such unused sick leave as the employee has accrued in the previous agency of employment. Agency policy must give uniform treatment to all transferees." It is, therefore, apparent that annual and sick leave accrued during an individual's employment with a State agency under the CETA program may, at the discretion of the appointing authority, be credited to that individual upon an appointment to the classified service of the Oklahoma Merit System of Personnel Administration. It should be noted, however, in passing, that accrued annual or sick leave may not be granted during the original probationary period of service, as defined in Rule 810 of the Oklahoma State Personnel Board, except at the discretion of the appointing authority. It is, therefore, the opinion of the Attorney General that persons who earn annual and sick leave as state employees under the CETA program may, at the discretion of the appointing authority, be credited with such unused leave upon an appointment to the classified service of the Oklahoma Merit System of Personnel Administration, subject to those leave regulations promulgated by the Oklahoma State Personnel Board. (LARRY D. BARNETT) ** SEE: OPINION NO. 79-064 (1979) ** ** SEE: OPINION NO. 78-174 (1978) **